United States Court of Appeals for the Federal Circuit is now open and in session. God Save the United States and this Honorable Court. Thank you and good morning everyone. We will proceed with the argued cases. The first argued case for this morning is number 19-1668 Prairie Land Millwright v. Sioux Steel Company. Mr. Fishko. May it please the court, this is Craig Fishko for the appellant Prairie Land Millwright. To demonstrate that the board's decision is unsupported by substantial evidence, I ask that the court look to the board's final written decision. Fishko. Mr. Fishko. Yes. This is Judge Waller. Just a little housekeeping question before you get going on it. Is independent claim one of 937 illustrative of the challenge claims? Fishko. Yes, it is. Waller. Okay, thanks. Okay, but I ask that the court look to the board's final written decision at appendix pages 22 and 23. At appendix 22, the board has a schematic diagram and this schematic diagram maps to the obviousness arguments in Prairie Land's petition, more specifically to the arguments at appendix 122-128. This schematic shows a paddle bearing Dixon sweep modularized as per the Barrow reference into a power unit, a drive unit, and to intermediate sections and has a pivot provided between the adjacent intermediate sections as per the Borowski reference. If we then look to the following page of the board's final decision at appendix 23, it states the basis for the board's finding that claim one was unobvious. The board states that Prairie didn't show that the intermediate portion of the Dixon sweep, which is illustrated at the top of appendix 23 and which corresponds to the pivot unit in its appendix 22 schematic. The board states that we didn't show that this intermediate portion carries the paddle bearing chain. Now, the board didn't otherwise question whether the references taught what Prairie asserted they taught. The board didn't question whether there was a motivation to combine. It didn't question whether there was a reasonable expectation of success. You say that motivation to combine, wasn't that really the reasoning behind what the board was saying about the pivot and carrying the weight? I don't believe it did. I think it simply said that the element wasn't present in there. I didn't see it question anywhere whether there was a motivation to combine. It simply said that we didn't show that the intermediate portion of Dixon, nor did we show where the pivot unit carries the paddle bearing chain. I didn't see it question any motivation. Okay, perhaps I over read there discussing the combination of references. Okay, proceed. Okay. Now, if the board's construction of carry is correct, namely the board construed carry as meaning supporting the weight of the paddles, the board's conclusion is undeniably true. If we look at the top of appendix 23, Dixon's paddle bearing chain doesn't have any sprocket or any other, to use the terminology of the patent, it doesn't have any other rotatable driven member supporting the weight of the paddles. Okay. But if carry is instead given its broadest reasonable construction in light of the specification, namely if carry means convey your transport or contain indirect, in the sense that the paddles simply travel with and along Dixon and along the pivot unit, then we submit that Perry clearly showed that the diagram's pivot unit carries the paddle bearing chain. If we look to the top of appendix 23, Dixon's intermediate length carries the paddles. The paddles travel with and through the overall sweep in its intermediate section. And when this sweep is modularized as per Barreau and has a pivot added between intermediate sections as per Barowski, as per the appendix 22 diagram, it still carries the paddles. Let me ask you this, counsel. This is Judge O'Malley. The patent owner's response specifically called out the fact that they said that Prairieland failed to discuss a pivot unit that was configured, as claimed, to allow for carrying of paddles and discussed what they thought was the appropriate meaning of that term. But you didn't even respond to that in your reply. I'm sorry, I don't think there was a discussion of the meaning. I mean, when we walked into this case, we were facing infringement allegations against Prairieland sweep, which does not support the weight of the paddle. All parties were pointing to the figure 11 in bottom, into the pivot unit, which doesn't support the weight of the paddles. The paddles simply travel through the pivot unit. And when we saw that, we simply replied, and this is at appendix 540, we just simply noted that Dixon has its paddles moving along with sweep. I mean, all throughout these proceedings, neither party asserted any construction of carry. Prairieland, when we filed our petition, we only discussed the figure 11 preferred embodiment of the pivot unit. Sue's preliminary response didn't propose any construction for carry. It, too, referenced the figure 11 pivot unit. The board's institution decision focused on the figure 11 preferred embodiment, and Sue's response did as well. I mean, in Sue's response at appendix 436, it itself asserted that the figure 11 preferred embodiment exemplified the claims. So, all throughout this, Prairieland, at least, is walking through there thinking that the meaning of carry is presumed. It's essentially, it seems plain in view of the patent as a whole that the pivot unit, and more generally the sweep, when it speaks of carrying the paddles, that the paddles simply travel through it and along with it. But what do we do with the fact that the board actually made a finding that there was waiver of this carry limitation debate? And that is a very discretionary finding by the board. You agree we would have to find that it was an abuse of discretion for the board to find waiver, isn't that right? Waiver of the issue of claim construction or waiver of us showing where it carried? Waiver of a request for claim construction of the carry limitation. But I don't think that claim construction was ever requested on that. Again, there was no indication that that claim limitation was in dispute. Throughout the proceedings, there was very little discussion of the combination unit of figure 13 on which the board relied for its construction. There was no reliance on that until the final written decision. And in terms of addressing whether or not the carry limitation was, whether or not we showed where it carried, we believe we did. Again, at Appendix 540 in our reply, we noted that Dixon has paddles moving along the sweep. And we further noted that when it was modularized by Bureau with intermediate sections, made pivotable as per Borowski, that the claimed pivot unit resulted from that. That's at Appendix 546. So, I don't know if, I don't see the waiver. It was simply a case where the parties walked through, the parties themselves, I mean, Sue itself is arguing in the district court below that the PTAB's claim construction is erroneous and is arguing for essentially the claim construction that we're arguing for now. It wasn't until the final written decision that the PTAB's construction came at us sideways and turned out to be supporting the weight of the paddles rather than merely having the paddles travel with and along the pivot unit. Well, what about the portion of the written description that the PTAB relies on when it describes and supports its conclusion as to what it means, as to what its view of carry means? Well, that's certainly in the written description. But what the PTAB relied on was the combination unit. And this is more specifically claimed in... Please continue. This is more specifically recited in Claims 4, 9, and 10. But if we regard carry as requiring support the weight of, this excludes the pivot unit of Figure 11, which is the embodiment that the parties have been focusing on. It's the embodiment that essentially Prairieland's accused pivot unit corresponds to or resembles that of Figure 11. The Board's construction is certainly reasonable, but it is not the broadest reasonable construction as it excludes the Figure 11 pivot unit, which is in dispute in the underlying district court proceedings. Okay. Anything else you want to tell us in your argument in chief? No, I can reserve the rest for rebuttal. Okay. All right. Thank you. And that case will hear from the other side. Mr. McEwen. Good morning, Your Honors. May it please the Court. I want to address the waiver issue first and foremost because I believe it's dispositive. And at the start of this proceeding, the very first brief filed was the Pat Nona response. And on page 2 of that brief, this would be J.A. Excuse me. Let me get you to the site. Sorry, J.A. So this would be Appendix 437. So this is the very first brief filed in this proceeding. And towards the bottom of that page, the petitioner was put on notice that the trial grounds are completely silent on any such configuration, referring to the limitation, the carry limitation, or any meaningful analysis of the word carry. So that was in the very first brief that was filed. Didn't the petitioner file a brief? That's correct, Your Honor, and that's my point. The patent owner pointed this out in the record. The petitioner filed a brief, didn't address this point, and this was a point that was also raised before institution in the patent owner preliminary response, and that's at the appendix at 335, also highlighting this feature. And for that reason, the board held, appendix at 37, that the patent owner had the opportunity to use that petitioner replies, as Newman, to elaborate on this claim language, including any specific meaning petitioner associated with the terms of carry. Now, just to be clear, you're saying that this was raised by the petitioner and the patent owner was silent, or that it was not raised by the petitioner and the patent owner had an obligation to raise it? No, Your Honor. Your Honor, I'm pointing out that this issue was from the very first filing of the patent owner. So the petitioner lodged its petition. We filed a patent owner preliminary response. We raised this issue. The board instituted in our first brief. We once again highlighted this limitation, and at no time did the petitioner argue anything special about the meaning of carry. And the reason that they didn't do that gets to another independent basis for affirming the board's findings here that this is a substantial evidence case. Well, counsel, on waiver, let's stick with waiver for a second, because our case law is pretty clear that if the underlying forum chooses not to rely on waiver in connection with, for instance, a motion for reconsideration, and proceeds to decide the merits that there is no waiver, then we should be addressing the merits. And try as I might, in the board's opinion, while they discuss waiver, they never actually say, so we find it waived, and then say, but in the alternative we're going to consider the merits. They simply say, well, they didn't really raise it before, and then they proceeded to delve right into the merits. Isn't that a problem with your reliance on waiver? Well, I would agree that the board did not use the term waiver, and in its rehearing decision it faulted the patent owner for not taking earlier opportunities. So there is no explicit mention of the term waiver, but I think that's the fair import of that language. But in any event, it did reach the merits, and it reached the merits independent of this carry limitation dispute, which we pointed out in our briefing. And that independent basis is discussed at the appendix, starting at the bottom of page 25 and spanning page 26. So it begins at the bottom of appendix 25. Moreover, even if Claim 1 used carry in a manner different from its plain and ordinary meaning, Petitioner has still failed to demonstrate obviousness of Claim 1 by preponderance of the evidence. And then it continues over to the appendix at 26, crediting the patent owner's response at pages 16 through 17, which also referenced evidence, paragraphs of the expert report that can be found at appendix 512 and 514, and it weighs this evidence. It weighs this evidence in comparison to what the petitioner said in its petitioner reply as based on the trial grounds, and it stated that that evidence and those arguments, in comparison to the bald conclusions of the petitioner's trial ground, fail. And that's completely independent of whether the term carry is construed or not. What is your response to your friend on the other side saying that the positions you're taking here are directly at odds with the positions that you're taking in that district court proceeding? I would say that we've not taken any positions here at all with respect to carry, and the reason we haven't done that is because we don't have to. It's not our burden, and they didn't address that aspect of the claim. So I would agree with them. I mean, that wasn't really my question. So are you saying that he's correct, that you argued to the district court that the board in this case got the construction wrong? I don't believe we've argued. Well, let me take that back. I should say I'm not litigation counsel on this case, so I'm not sure exactly what was argued and when, but I will say the construction in the district court was different than the one that the PTAB came up with, and the proceedings that have happened since then I think have explored which one should be adopted in the district court. But for this particular proceeding, the meaning of carry is irrelevant when the entire configuration has been ignored. And I think this point is abundantly clear when you look at the appendix at 550, and this is an argument that the petitioner made, and they drew a picture. And there's a universal joint there connecting sections. And the question is if the universal joint is the pivot unit and the pivot structure at the same time, the claim requires two different things, then how is there any configuration through that joint that carries paddles? So whether it's a path, a space, holding up the weight, it doesn't matter because there's just no configuration that's argued in this record. Well, they say that the universal joint operates differently from the pivot. Judge Newman, my understanding of the trial grounds and what we've laid out in the brief,  and that the board cited in that page 26 of the appendix, is that they've identified a pivot period to map to both a pivot structure and a pivot unit. And that was the aspect of the record that the board found in favor of the patent owner and the petitioner showing lacking. And that's substantial evidence. It's certainly reasonable to hold the petitioners to their trial grounds. And when they identify one structure and one structure alone as meeting multiple different claim terms, that's a failure of evidence. And that's what the board held in this case at page 26. And we would submit that that independent, and in addition to waiver, is a basis for affirming the board's holding, unless there's further questions. You're saying it's reasonable to hold them to their trial grounds in the PTAB, but not reasonable even to consider holding them to their trial grounds in the district court? Well, I guess I'm not following the district court aspect of that. Well, that's part of the problem, is it not? How that will work out perhaps will really come to a head in the district court. But the one thing that I think the entire system is geared to avoid is having different rulings, different positions, different arguments in the district court and in the PTAB. I agree with that, Your Honor. And the interest here is not the patent owner taking inconsistent positions. The difference here is the board in DICTA construing a term that was unnecessary given the trial grounds. And now there's a dispute over this term that, frankly, is independent of the record here. And then the district court filings, which were not part of the record at the PQALB, have now been injected into this appendix. But you're supporting what the PTAB decided from, I gather you agree that this was a spontaneous decision approach in the I don't agree that it was spontaneous, given the notice that the petitioner was on it. And just so the record's clear, I agree with the board's basis under substantial evidence, which is based upon the structure and the claim that was never identified by the petitioner. I'm taking no position as to the meaning of carry in this proceeding, and we have not done that in this proceeding. So there is no consistency. The burden is on the petitioner to map the claims to the prior art. We don't construe claims against ourselves on terms because the petitioner didn't address them in its petition. That's the petitioner's deficiency. I agree, but now we're on appeal. Claim construction is a matter of law. And is this claim construction placed squarely at issue? I would submit, Your Honor, that it's not at issue because there was an independent basis in the board's decision against banning the appendix of 25 through 26 for saying, and this is what the board said. It doesn't matter what the meaning of carry is. Even if the definition of carry is different from what the board said in its decision, there is still a failure of proof here. Okay. Any more questions for Mr. McEwen, Judge O'Malley? No, I'm good. Okay, good. We'll hear then from Mr. Fesko. I'll keep the full rebuttal time. Thank you, Your Honor. Initially, just to clarify, no. Sue Steele is telling the district court that the PTAB's claim construction is wrong and is currently arguing for a claim construction in line with what we are now arguing it should be and which it asserted at the outset of the infringement proceedings. If the court wishes, I can give you, if it wishes to take judicial notice, I can give you a cite to the exact pages of the PACER record where Sue is making these arguments. Let me ask you, though, counsel, what do we do with the fact that the board said, you know, it doesn't matter because whatever carry means, it doesn't affect our ultimate decision? I don't think that's the case. I mean, the PTAB's own schematic shows a configuration which meets the pivot unit, and that's the PTAB's own schematic at Appendix 22 maps directly to the arguments in our IPR petition. I mean, that clearly shows a configuration. We did show a configuration, and if we construe carry in the very same manner that we're asserting here and that Sue Steele itself is arguing in the district court, that configuration depicted at Appendix 22 and in our petition maps directly to Claim 1. It's simply a matter of bad claim construction. The configuration is shown there in black and white. Okay. Anything else you need to tell us? No, that's all, Your Honor. Any more questions for Mr. Fesko, Judge O'Malley? No. Judge Wallach? No, thank you. Okay. Thanks to both counsel. The case is taken under submission. Thank you. Thank you.